Filed 11/20/15  P. v. Flores CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>HENRY GOMEZ FLORES,<br><br>        Defendant and Appellant. | A145294<br><br>(Sonoma County<br>Super. Ct. Nos. SCR-651345,<br>SCR-653967) |

Defendant Henry Gomez Flores appeals a judgment entered upon his plea of no contest to domestic violence, evading a peace officer, and driving under the influence of alcohol.  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant has been apprised of his right to file a supplemental opening brief, but he has not done so.

In case number SCR-653967, defendant was charged by information with felony evading a peace officer while driving with disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a)); felony unlawfully driving and taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)); misdemeanor driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)); and misdemeanor driving with a blood alcohol level greater than .08 percent (Veh. Code, § 23152, subd. (b)).  The information also alleged defendant had suffered a prior strike conviction of a serious or

1

violent felony, criminal threats (Pen. Code,[1] §§ 422, 1170.12); that he had suffered prior convictions of driving with a blood alcohol level greater than .08 percent (Veh. Code, § 23152, subd. (b)) and causing bodily injury while driving under the influence of alcohol (Veh. Code, § 23153, subd. (a)); and that he was ineligible for imprisonment in county jail because of a prior conviction for a serious or violent felony (§§ 422, 1192.7, 667.5, subd. (c)).

In case number SCR-651345, defendant was charged by information with felony infliction of corporal injury upon cohabitant Jane Doe (§ 273.5, subd. (a)) and felony assault on Doe by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)). In connection with both counts, the information alleged that defendant committed the offense while released from custody on bail or his own recognizance in case number SCR-653967 (§ 12022.1), that he personally inflicted great bodily injury on Doe under circumstances involving domestic violence (§ 12022.7, subd. (e)), and that each count was a serious and violent felony (§§ 1192.7, subd. (c)(8) & 667.5, subd. (c)(8)). The information also alleged defendant had suffered a prior strike conviction for committing criminal threats (§§ 422, 1170.12), a prior prison term for a violent felony (§§ 422, 245, subd. (a)(1), & 667.5, subd. (a)), and a prior serious felony conviction (§§ 422, 667, subd. (a)(1)), and that he was ineligible for imprisonment in county jail (§ 1170, subds. (f) & (h)(3)).

Defendant brought a motion for substitute counsel, which the trial court denied. (*People v. Marsden* (1970) 2 Cal.3d 118.)

Defendant reached a plea agreement with the district attorney. In case number SCR-651345, he pled no contest to inflicting corporal injury on a cohabitant, and admitted the allegations that he was out on bail or his own recognizance at the time of the crime, that he personally inflicted great bodily injury under circumstances involving domestic violence, and that he had a prior strike conviction. The assault charge was dismissed with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754), and the

---

[1] All undesignated statutory references are to the Penal Code.

remaining enhancement allegations were also dismissed. Defendant's plea was conditioned upon a sentence no greater than 12 years.

In case number SCR-653967, defendant pled no contest to evasion of a peace officer and misdemeanor driving with a blood alcohol level greater than .08 percent and admitted the prior strike and conviction allegations, with the understanding that the sentence would be subordinate to the sentence in case number SCR-651345 and that his maximum sentence would be 16 months. The remaining counts and allegation were dismissed.

The probation officer's report explained that on July 26, 2014, a police officer saw defendant driving a car that had been reported missing earlier that evening. The officer made a U-Turn to position his patrol vehicle behind the car and activated his lights and sirens. Defendant accelerated and led the officer on a high speed chase in which he drove through red lights. When defendant finally stopped, he was found to have bloodshot, watery eyes and slurred speech. A breath test revealed a blood alcohol level of .127 percent.

On September 13, 2014, officers were dispatched to a home in response to a report of a domestic disturbance. The officer met Doe, who had a large laceration below her left eye. The officer saw blood spatter on the bathroom floor. Doe told the officer that her live-in boyfriend, defendant, had caused the laceration by hitting her below her eye during a physical confrontation that defendant had initiated. He hit her "with all his might" with his knuckles, or possibly a screwdriver.[2] The laceration was about two inches long and required 17 stitches.

The probation officer's report explained that defendant had a lengthy criminal history, beginning when he was a juvenile. He had suffered either sustained juvenile allegations or adult convictions in 1996, 1997, 1998 (twice), 1999, 2000, 2003 (twice), 2005, 2007, 2009 (twice), 2010, and 2013, and had violated probation and parole numerous times.

---

[2] Doe also said that the previous day, during a disagreement, defendant had grabbed a knife and made a threatening statement.

3

Defendant filed an "invitation" for the trial court to exercise its discretion to dismiss the prior strike conviction. (§ 1385.) The trial court denied the request, finding defendant did not fall outside the spirit of the Three Strikes law.

In case number SCR-651345, the court imposed a ten-year sentence, calculated as the low term of two years for injuring a cohabitant (§ 273.5) and doubled due to the strike (§ 1170.12); an additional four years for the great bodily injury enhancement (§ 12022.7, subd. (e)); and a two-year enhancement for committing the crimes while out on bail (§ 12022.1, subd. (b)). In case number SCR-653967, the court imposed a consecutive sixteen-month sentence for evading an officer (one-third the midterm, doubled as a result of the strike). (Veh. Code, § 2800.2.) The court also ordered defendant to serve a concurrent six-month sentence for driving with a blood alcohol level greater than .08 percent. (Veh. Code, § 23152, subd. (b).) Thus, defendant's total sentence was eleven years, four months. The court granted presentence credits, ordered defendant to pay restitution, and imposed fines and fees. Defense counsel has informed us that on August 24, 2015, the trial court granted defendant's motion to prepare an amended abstract of judgment modifying the award of presentence credits.

Defendant was represented by counsel throughout the proceedings. Before entering his plea, he was advised of his constitutional rights and the consequences of his plea. The sentence was consistent with his plea agreement. We see no error or abuse of discretion in the trial court's rulings. There are no meritorious issues to be argued.

## DISPOSITION

The judgment is affirmed.

_____
Rivera, J.

We concur:


_____
Ruvolo, P.J.


_____
Streeter, J.

5